ORIGINAL
FILED
AUG 13 2010
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) | MISC. NO. 10-497 |
| | ) | Filed Under Seal |

APPLICATION OF THE UNITED STATES FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this ex parte application for an Order pursuant to 18 U.S.C. section 2703(d) to require AOL LLC, an Internet Service Provider located in Dulles, VA, which functions as an electronic communications service provider and/or a remote computing service, to provide records and other information pertaining to the following email account: [redacted] The records and other information requested are set forth as an Attachment to the proposed Order. In support of this application, the United States asserts:

LEGAL AND FACTUAL BACKGROUND

1. The United States government is investigating allegations relating to the disclosure of classified information. The investigation concerns possible violations of, *inter alia*, 18 U.S.C. section 793 (disclosure of defense information).

2. Investigation to date of these incidents provides reasonable grounds to believe that AOL LLC has records and other information pertaining to certain of its subscribers that are relevant

Case 1:10-mc-00497-AK *SEALED* Document 8-1 Filed 04/11/17 Page 3 of 11

and material to an ongoing criminal investigation. Because AOL LLC functions as an electronic communications service provider (provides its subscribers access to electronic communication services, including e-mail and the Internet) and/or a remote computing service (provides computer facilities for the storage and processing of electronic communications), Title 18 U.S.C. section 2703 sets out particular requirements that the government must meet in order to compel disclosure of the records and other information it is seeking.

3. Here, the government seeks to obtain the following categories of information: (1) basic subscriber information; and (2) records and other information pertaining to certain subscribers of AOL LLC, including email header information (excluding the email subject line).

4. A subpoena allows the government to obtain subscriber name, address, length and type of service, connection and session records, telephone or instrument number including any temporarily assigned network address, and means and source of payment information. 18 U.S.C. § 2703(c)(2). The government may also compel such information through an order issued pursuant to 18 U.S.C. section 2703(d). 18 U.S.C. § 2703(c)(1)(B), (c)(2).

5. To obtain records and other information pertaining to subscribers of an electronic communications service provider or remote computing service, the government must comply with 18 U.S.C. section 2703(c)(1), which provides, in pertinent part:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity --
>
> . . . .

Case 1:10-mc-00497-AK *SEALED* Document 3-1 Filed 04/11/13 Page 4 of 11

> (B) obtains a court order for such disclosure under subsection (d) of this section.

6. Section 2703(d), in turn, provides in pertinent part:

> A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction[1] and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. . . . A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.

Accordingly, this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the materials sought are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

7. The facts set forth herein are based upon information provided to the undersigned by various government agencies, including the Central Intelligence Agency ("CIA"), Federal Bureau of Investigation ("FBI"), and the Department of Defense ("DoD"). The investigation is ongoing.

---

[1] 18 U.S.C. § 2711(3)(A)(i) states that the term "court of competent jurisdiction" includes "any district court of the United States (including a magistrate judge of such a court) or any United States court of appeals that has jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A).

8. On or about January 19, 2009, attorneys for Khalid Sheikh Mohammed ("KSM"), now detained at Guantanamo Bay, Cuba, filed a Motion to Compel Discovery (the "Motion") with the Office of Military Commissions. The Motion sought, *inter alia*, information relating to the detention and interrogation of KSM from March 2003 to September 2006. The Motion asserts that KSM was in a CIA detention program known as the High Value Detainee ("HVD") program during this time period. The Motion includes an Attachment that identifies numerous persons by name, alleges that those persons have direct knowledge and could testify about the detention and interrogation of KSM while in the HVD program, and makes various factual claims regarding those persons' intelligence activities on behalf of the United States government.

9. Based on preliminary CIA analysis, the Motion appears to contain possible first-time unauthorized disclosures of classified information. Such information includes certain persons' associations and activities with the CIA that are not believed to be widely known outside the intelligence community. There are therefore reasonable grounds to believe that a person with access to classified information relating to the national defense made an unauthorized disclosure.

10. The government is conducting an investigation to identify the source of any such unauthorized disclosures of classified information.

11. The undersigned notes that some of the information contained in the Motion can be found in publicly available records or has been the subject of previous unauthorized disclosures of classified information, and thus cannot be deemed to represent first-time unauthorized disclosures. In addition, some of the information contained in the Motion is not accurate.

Case 1:10-mc-00497-AK *SEALED* Document 3-1 Filed 04/11/13 Page 6 of 11

12. John Kiriakou is a subject of the investigation. Kiriakou is a former intelligence officer with the CIA and has been connected to many of the relevant subsets of individuals in the Motion. In addition, a significant number of first-time disclosures in the Motion are relevant to the capture, interrogation, and detention of Abu Zubaydah. Kiriakou was working for the CIA at the time of Abu Zubaydah's capture and has represented himself to have been involved in Abu Zubaydah's capture and initial detention. Kiriakou therefore likely had access to the type of classified information included in the Motion, described in paragraph 8 and 9, *supra*. Since leaving the CIA, Kiriakou has taken steps to publicize his activities at the CIA and express his views relating to the propriety of CIA detention and interrogation practices, including through several high-profile media interviews and his book, *The Reluctant Spy: My Secret Life in the CIA's War on Terror*, published by Bantam in 2010.

13. According to CIA records, Kiriakou's email addresses have included [redacted] and [redacted]

14. Records of customer and subscriber information relating to this investigation that are available from AOL LLC will help government investigators to identify those persons with whom Kiriakou was in contact at relevant times and to determine whether or not John Kiriakou was responsible for the disclosures described above. Even if the records reveal no pertinent contacts, information of an exculpatory nature is nonetheless relevant to the investigation. Accordingly, the government requests that AOL LLC be directed to produce all records described in Attachment A to the proposed Order.

Case 1:10-mc-00497-AK *SEALED* Document 3-1 Filed 04/11/19 Page 7 of 11

15. Part A of the Attachment requests the account name, address, telephone number, e-mail address, billing information, and other identifying information for [redacted] Part B requests the production of account records and other information through the date of the Court's Order. As described in more detail in that section, this information should include connection information, non-content information associated with the contents of any communication or file stored by or for the account, and correspondence and notes of records involving the account. Email header information (excluding subject line content) will enable investigators to determine those persons with whom Kiriakou was communicating at relevant times in a manner analogous to the analysis of phone toll records.

16. The information requested should be readily accessible to AOL LLC by computer search, and its production should not prove to be burdensome.

17. The United States requests that this application and Order be sealed by the Court until such time as the Court directs otherwise.

18. The United States requests that pursuant to the preclusion of notice provisions of 18 U.S.C. section 2705(b), AOL LLC be ordered not to notify any person (including the subscriber or customer to which the materials relate) of the existence of this Order for such period as the Court deems appropriate. The United States submits that such an order is justified because notification of the existence of this Order would seriously jeopardize the ongoing investigation. Such a disclosure would give the subscriber an opportunity to destroy evidence; notify co-conspirators, witnesses, or other subjects of the investigation; or flee from prosecution.

WHEREFORE, it is respectfully requested that the Court grant the attached Order, (1) directing AOL LLC to provide the United States with the records and information described in Attachment A; (2) directing that the application and Order be sealed; (3) directing AOL LLC not to disclose the existence or content of the Order, except to the extent necessary to carry out the Order; and (4) directing that three certified copies of this application and Order be provided by the Clerk of this Court to the undersigned representative of the U.S. Department of Justice.

Executed on 8/13/2010

IRIS LAN
Special Attorney to the Attorney General
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 514-1763

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 13 2010
Clerk, U.S. District and Bankruptcy Courts

| | | |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) | MISC. NO. 10-497 |
| | ) | Filed Under Seal |

ORDER

This matter having come before the Court pursuant to an application under Title 18, United States Code, Section 2703, which application requests the issuance of an order under Title 18, United States Code, Section 2703(d) directing AOL LLC, an electronic communications service provider and/or a remote computing service, located in Dulles, VA, to disclose certain records and other information, as set forth in Attachment A to this Order, the Court finds that the applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information and the contents of a wire or electronic communication sought are relevant and material to an ongoing criminal investigation.

IT APPEARING that the information sought is relevant and material to an ongoing criminal investigation, and that notice of this Order to any person of this investigation or this application and Order entered in connection therewith would seriously jeopardize the investigation;

IT IS ORDERED pursuant to Title 18, United States Code, Section 2703(d) that AOL LLC will, within three days of the date of this Order, turn over to the United States the records and other information as set forth in Attachment A to this Order.

U.S. District and Bankruptcy Courts
for the District of Columbia
A TRUE COPY 8/13/10
ANGELA D. CAESAR, Clerk
By [signature]
Deputy Clerk



JM

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Department of Justice with three (3) certified copies of this application and Order.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, and that AOL LLC shall not disclose the existence of the application or this Order of the Court, or the existence of the investigation, to the listed subscriber or to any other person, unless and until authorized to do so by the Court.

United States Magistrate Judge

August 13, 2010
Date

## ATTACHMENT A

You are to provide the following information, if available, as data files on CD-ROM or other electronic media or by facsimile:

A. The following customer or subscriber account information for each account registered to or associated with [redacted]

1. subscriber names, user names, screen names, or other identities;
2. mailing addresses, residential addresses, business addresses, e-mail addresses, and other contact information;
3. records of session times and durations;
4. length of service (including start date) and types of service utilized;
5. telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and
6. means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information relating to the account in Part A, including:

1. records of user activity for any connections made to or from the Account, including the date, time, length, and method of connections, data transfer volume, user name, and source and destination Internet Protocol address(es);
2. non-content information associated with the contents of any communication or file stored by or for the account, including for emails the date and time, source and destination email addresses, and IP addresses, and excluding subject line content;
3. correspondence and notes of records related to the account.